UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:17-CR-264 AWT |
| vs. | VIOLATIONS |
| | 21 U.S.C. § 846 |
| JASON CHEN | (Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances) |
| | |
| | 21 U.S.C. § 843(a)(7) |
| | (Unlawful Importation of a Tableting Machine) |
| | |
| | 18 U.S.C. §2 |
| | (Aiding and abetting) |

## INFORMATION

The United States Attorney charges:

### COUNT ONE
(Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances)

1. From in or about May 2016, to in or about June 2017, in the District of Connecticut and elsewhere, the defendant JASON CHEN did, knowingly and intentionally, conspire, combine, confederate, and agree with others known and unknown to the United States Attorney, to distribute and to possess with intent to distribute (a) a mixture and substance containing a detectable amount of anabolic steroids, a Schedule III controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(E)(i); and (b) a mixture and substance containing a detectable amount of alprazolam, a Schedule IV controlled substance, in violation of Title 21, United States Code, Section 841(b)(2).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
(Unlawful Importation of a Tableting Machine)

2. In or about June 2017, the defendant JASON CHEN did, knowingly and intentionally, import from China into the District of Connecticut a tableting machine, knowing, intending, and having reasonable cause to believe that it would be used to manufacture alprazolam pills, a Schedule IV controlled substance.

In violation of Title 21, United States Code, Section 843(a)(7) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION
(Controlled Substance Offense)

3. Upon conviction of the controlled substance offense alleged in Count One of this Information, the defendant JASON CHEN shall forfeit to the United States all right, title and interest in any and all property constituting, or derived from, proceeds the defendant obtained directly or indirectly as a result of the violation alleged in this Information, any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the said violation, and a sum of money equal to the total amount of proceeds obtained as a result of the offense, including but not limited to the $8,900 in U.S. currency seized from his home on June 7, 2017.

4. If any of the above-described forfeitable property, as a result of any act or omission of the said defendant named in this Information: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or disposed with, a third person; (c) has been placed beyond the jurisdiction of the United States District Court for the District of Connecticut; (d) has been substantially diminished in value; or (e) has been commingled with other property which

cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the said defendant, up to the value of the above-described forfeitable property.

All in accordance with Title 21, United States Code, Section 853, and Rule 32.2(a), Federal Rules of Criminal Procedure.

UNITED STATES OF AMERICA

JOHN H. DURHAM
UNITED STATES ATTORNEY

VANESSA RICHARDS
ASSISTANT UNITED STATES ATTORNEY