UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:17-cr-264 (AWT) |
| v. | : | |
| JASON CHEN | : | FILED UNDER SEAL |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

The Defendant, Jason Chen, submits this memorandum in aid of sentencing to the Court.

**PRESENTENCE INVESTIGATION REPORT**

The presentence report is accurate and complete, aside from a few minor quibbles. The Defendant has reviewed it.

**SUPPLEMENTAL BACKGROUND**

This is a case about a young man swept up in events that rapidly devolved beyond his ken such that, when confronted by authorities, Jason immediately and completely capitulated.

Jason met William Fusco—"Bill"—in an online computer game in about 2008. Games like the one they played together have low activity for stretches of time, interrupted by intense play.  During the low activity time, players socialize and can develop meaningful bonds, even though they only communicate through a computer. Over time, Jason and Bill came to know one another well and became what Jason considered to be friends.

In about 2012, Bill offered Jason what seemed like a business opportunity—to share in Bill's "business." Jason has an entrepreneurial streak[1], in part from his father, and this appealed to his business side. Bill proposed that Jason "invest" $2,000 into the venture, whereby then Jason would serve at the distributor level for substances, mostly oils like testosterone. As part of the venture, Jason was also allowed to maintain a presence in an online board where buyers of the substances matched with sellers. Jason had to pay Bill "rent" to have a presence on the online board: Bill required Jason to pay him $800 a month.

For *Jason*, this was not a good deal. Jason had to do substantial work collecting substances sent by Bill for redistribution. Jason ultimately lost more money than he gained through this venture.

In about 2016, Bill suggested a different approach. "They"—that is, mainly Jason, under Bill's direction—would manufacture pills in Jason's home, and Jason would package and distribute these pills. Jason invested $5000 into this project. The government shut the project down within months. The government accurately details what happened from this point.

Finally, there has been a development since the presentence report: Jason and his significant other, Rosa Tomasto, are expecting the birth of their daughter in July, 2019.

---

[1] This is a minor quibble with the presentence report. Paragraph 64 of the presentence report employs a quote from Jason that he is "unsure of what his future goals are at this time."

It is true that Jason does not know with particularity what his goals are at this time. He aspires, however, to engage in an entrepreneurial business venture of some kind. His ideas are incomplete, but he is not wholly listless.

**OFFENSE CONDUCT**

The presentence report accurately lays out facts underlying the conviction.

**CRIMINAL HISTORY**

The presentence report accurately lays out the lack of a prior criminal record.

**GUIDELINE CALCULATION**

The defendant agrees that the offense level calculation in the presentence report is accurate.

**DEFENDANT CHARACTERISTICS**

The report accurately lays out the pertinent his

Already punished loss of job

**RELEVANT LEGAL STANDARDS TO IMPOSING SENTENCE**

The polestar in imposing sentence is that "[t]he court shall impose a sentence sufficient, but not greater than necessary." 18 U.S.C. §3553(a).  A court considers certain factors in imposing a sentence. In particular, §3553(a)(2) points to the four classical justifications for punishment—the need for the sentence imposed:

- A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment, sometimes referred to as the retributive interest;

- B. to afford the adequate deterrence to criminal conduct, sometimes referred to as the general deterrent interest and the specific deterrent interest;

- C. to protect the public from further crimes of the defendant, sometimes referred to as the incapacitation interest; and

- D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, sometimes referred to as the rehabilitative interest.

*See also* Herbert L. Packer, The Limits of the Criminal Sanction at 9-70 (1968). This section of the Code also lays out a number of other factors that inform how a district court evaluates these interests, such as the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the Guidelines, policy statements, and so on.

The sentence must be reasonable. *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586 (2007). The Guideline range is not presumed to be reasonable. *Id.* at 49.

> "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the §3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [the judge] may not presume that the Guidelines range is reasonable. . . . [The judge] must make an individualized assessment based on the facts presented. If [the judge] decides that an outside-Guidelines sentence is warranted, [he or she] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."

*Id.* at 49–50.

## DISCUSSION

A sentence of incarceration is not necessary to satisfy the interests underlying the criminal sanction.

### A. Retributive Interest

The retributive interest is diminished. To begin with, the crime involved consensual actors and has no identifiable victim. As such, there is no collective community outrage.

Additionally, in evaluating the retributive interest, the Court should consider Jason's circumstances. He was young and naïve. He did not

appreciate the seriousness of his conduct.  His conduct did not shower him with ill-gotten gains.  When confronted by authorities, he immediately and completely capitulated.

The criminal sanction and probation are sufficient.  This process has been exceptionally painful.  He has been shamed by his family. And although he is now in a stable, happy relationship, the process took its toll on his personal life. He has been utterly terrified during this process.  And most importantly, as detailed in the presentence report, the felonies will have dire consequences for Jason's livelihood.

On the whole, a sentence of probation is sufficient here.

**B. Specific Deterrent**

Jason's immediate acceptance of responsibility and conduct during this process is evidence that the criminal sanction and probation are sufficient to meet the ends of justice here.

**C. General Deterrent**

The defendant concedes the general deterrent interest.  He notes, however, that the public policy underlying the crime has been shown to be ineffectual. The purpose underlying prohibition of controlled substances is ostensibly to protect the health and well-being of those who would be drug addicts.  Addiction is a disease, and the purpose of prohibition is to control that disease through the general and specific deterrent interests. But prohibition, as a policy, has not been shown to be an effective means to suppress the spread of this disease. *See, e.g.*, Christopher J. Coyne and Abigail R. Hall, *Four Decades*

*and Counting: The Continued Failure of the War on Drugs*, Cato Policy Analysis, No. 811 (April 12, 2017) *available at* https://object.cato.org/sites/cato.org/files/pubs/pdf/pa-811-updated.pdf. Because the general deterrent interest is not well suited to advancing the supposed purpose, the interest is diminished.

### D. Incapacitation

Neither the seriousness of the conduct nor the defendant's history evince a substantial interest in separating Jason from society.

### E. Rehabilitation

In this case, the interest in rehabilitation is strong because Jason holds a lot of potential to contribute meaningfully to society. He fell into this situation due to a misguided sense of entrepreneurship, naivety, and misplaced trust. He has repeatedly spoken with undersigned counsel about potential ventures—these ideas are not completely focused, but they show his desire to create something.

Probation will give access to programs whereby Jason can harness that potential. Jason is a young man, now starting a family, and a sentence of incarceration will needlessly impose a burden on others. The criminal sanction and probation are sufficient.

### CONCLUSION

For the foregoing reasons, a non-guideline sentence of probation is sufficient, but not greater punishment than necessary.

Respectfully Submitted,
JASON CHEN

DATED:  February 21, 2019            BY      <u>*Mario Cerame*</u>
                                             Mario Cerame, Esq.
                                             Fed. Bar No. ct30125
                                             73 Wadsworth Street
                                             Hartford, Connecticut 06106
                                             Phone: 860.856.8361
                                             Fax: 860.527.5929
                                             mario@brignole.com

                                             **ON BEHALF OF**
                                             Woolf Law Firm, LLC
                                             50 Founders Plaza
                                             Second Floor
                                             East Hartford, Connecticut 06018
                                             Phone: 860.290.8690
                                             Fax: 860.290.8697
                                             Email: w@woolflaw.com

                                             HIS ATTORNEYS

## CERTIFICATION

A true and exact copy of the foregoing was sent by electronic mail, via the CM/ECF system, on February 21, 2019, to:

    Vanessa Richards, Esq.
    Assistant United States Attorney
    Deputy Chief of National Security and Cyber Unit
    District of Connecticut
    1000 Layafette Blvd., 10th Floor
    Bridgeport, CT 06605
    (203) 696-3016/(203) 675-8111

                                        *Mario Cerame*
                                        Mario Cerame